UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JEROME TALLEY, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO.   C05-2030MJP-JPD |
| | ) | |
| v. | ) | |
| | ) | |
| REED HOLTGEERTS, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action which is proceedings under 28 U.S.C. § 2241.  Currently before the Court for consideration is petitioner's amended habeas petition, submitted to the Court on May 9, 2006.  In his amended petition, petitioner appears to allege violations of his Sixth Amendment right to a speedy trial and his Fourth Amendment right to be free from unreasonable searches arising from his arrest and prosecution on state criminal charges.  Also before the Court for consideration is petitioner's motion for an evidentiary hearing, filed on July 10, 2006, as well as a separate habeas petition, submitted to the Court on July 17, 2006, in which petitioner alleges that he is currently being held in state custody for contempt, and that such custody violates the Constitution, laws, or treaties of the United States.  Respondent has responded to both petitions, but not to petitioner's motion for an evidentiary hearing.

REPORT AND RECOMMENDATION
PAGE - 1

This Court having reviewed petitioner's petitions, respondent's responses thereto, and the balance of the record, concludes that petitioner's federal habeas petition should be dismissed, without prejudice, for failure to exhaust his state court remedies. This Court further concludes that petitioner's motion for an evidentiary hearing should be denied.

## BACKGROUND

### State Court Proceedings

The record reflects that in 2005, petitioner was charged with the crimes of possession of stolen property in the second degree, possession of stolen property in the first degree, and vehicle prowling in the second degree, in two separate King County Superior Court cases. (*See* Dkt. No. 9 at 7; Dkt. No. 10 at 8.) The trial court conducted a competency hearing and, in August 2005, found petitioner competent to stand trial. (*See* Dkt. No. 9 at 7; Dkt. No. 10 at 9.) In July 2005, while he was awaiting trial, petitioner filed personal restraint petitions in the Washington Court of Appeals, Division One, and in the Washington Supreme Court. (Dkt. No. 9 at 7.) In his petition to the Court of Appeals, petitioner apparently challenged the adequacy of the charging documents. (*See id.*) The Acting Chief Judge of the Court of Appeals dismissed that petition as premature. (*Id.*)

In his petition to the Supreme Court, petitioner apparently argued that he was arrested on charges without probable cause. (*See id.*) The Supreme Court Commissioner, upon considering both a motion for discretionary review with respect to the petition filed first in the Court of Appeals, and the petition filed first in the Supreme Court, concluded that the personal restraint petitions were premature as the matters raised therein were ones that could be raised in the trial court or on direct appeal. (*Id.* at 7-8.) The Supreme Court Commissioner issued his rulings in October 2005 (*see* Dkt. No. 9 at 7-10), and petitioner's motions to modify the Commissioners rulings were denied in November 2005 (*see* Dkt. No. 1 at 8-9).

In March 2006, one of the criminal actions filed against petitioner was dismissed with prejudice after the victim refused to testify on behalf of the state (*see* Dkt. No. 20, Attachment A), and petitioner was convicted in the other action on a charge of possession of stolen property in the

REPORT AND RECOMMENDATION
PAGE - 2

second degree (Dkt. No. 20, Attachment B). Petitioner appeared for sentencing on June 2, 2006. (*Id.*, Attachment C.) The minutes of that hearing indicate, among other things, that the court ordered petitioner to be fingerprinted and that petitioner's sentencing was continued to June 30, 2006. (*Id.*)

On June 29, 2006, the state moved to compel petitioner to give his fingerprints. (Dkt. No. 30, Appendix B.) Petitioner refused to willingly give his fingerprints and the court ordered that petitioner be held in civil contempt of court. (*See id.*, Appendices A and B.) Petitioner was advised that he would be held in the King County Jail until such time as he provided his fingerprints, that any time served pursuant to the contempt order would run consecutive to any sentence imposed, and that he would receive no credit towards his sentence while in custody for contempt. (*See id.*)

Petitioner appeared again before the court on September 29, 2006. (*Id.*, Appendix C.) At that time, the court ordered that new counsel be appointed to represent petitioner based on petitioner's assertion that he was not competent. (*Id.*, Appendix E.) The court also continued petitioner's sentencing hearing to October 26, 2006. (*Id.*, Appendix D.) On October 24, 2006, petitioner appeared before the Court with his appointed counsel. (*Id.*, Appendix G.) At that hearing, the court advised the parties that it found petitioner competent enough to understand that he needed to provide his fingerprints in order to be released from custody. (*Id.*) Defense counsel advised the court that he had conferred with petitioner and advised him that it was in his best interests to provide fingerprints for the judgment and sentence. (*Id.*) Petitioner informed the court that he intended to plead the Fifth Amendment and he refused to answer any further questions. (*Id.*) The court, in turn, advised petitioner that he would remain in civil contempt until he provided his fingerprints. (*Id.*) It does not appear from the record that petitioner has yet been sentenced in his underlying criminal case or that there is any sentencing date currently set.

### Federal Court Proceedings

In December 2005, petitioner filed his original federal habeas petition under 28 U.S.C. § 2254. Petitioner asserted in that petition that he was being held without process or a warrant. After reviewing the petition, as well as supplemental submissions by petitioner indicating that he had

REPORT AND RECOMMENDATION
PAGE - 3

recently been discharged from the Western State Hospital where he had undergone a mental health evaluation to determine if he was competent to proceed with respect to his state court criminal charges, the undersigned concluded that this Court lacked jurisdiction to intervene in petitioner's ongoing state court proceedings and therefore issued a Report and Recommendation recommending that the action be dismissed without prejudice. Petitioner filed objections to this Court's Report and Recommendation and, in March 2006, the matter was remanded back to this Court for consideration of the petition in light of 28 U.S.C. § 2241.

In May 2006, this Court issued an Order directing petitioner to file an amended habeas petition because petitioner had failed to name a proper respondent in his original petition. (Dkt. No. 13.) Petitioner subsequently filed his amended petition and the petition was ordered served on respondent. (Dkt. Nos. 15 and 17.) Respondent filed a timely answer to the petition in June 2006. (Dkt. No. 20.)

In July 2006, petitioner filed another petition for writ of habeas corpus, which was posted in this action, in which he alleged that he was being held in state custody for contempt and that he had never been afforded a hearing or trial.[1] (Dkt. No. 25.) In September 2006, this Court issued an Order directing that respondent file a response to petitioner's contention that his current custody, pursuant to an order of contempt, violates his constitutional rights. (Dkt. No. 26.) The Court received respondent's supplemental response in November 2006.[2] (Dkt. No. 30.) The briefing is now complete and this matter is ripe for review.

---

[1] Petitioner filed yet another habeas petition under § 2241 in September 2006. Petitioner alleged in that petition that he was being held in custody in violation of the Constitution, laws, or treaties of the United States, but he identified no specific claims for relief nor any facts to support his allegation.

[2] Respondent's motion for an extension of time to file his supplemental response (Dkt. No. 29) is GRANTED. The supplemental response has been made a part of the record.

REPORT AND RECOMMENDATION
PAGE - 4

## DISCUSSION

Petitioner asserts in his amended habeas petition, filed on May 9, 2006, that his Sixth Amendment right to a speedy trial was violated when law enforcement officials failed to complete their investigation of the crime within the statute of limitations. (Dkt. No. 17 at 3.) He further asserts that he was subjected to an unreasonable search by law enforcement officials, and that officers failed to act pursuant to the warrant requirement of the Fourth Amendment. (*Id*.) Respondent, in his response to the May 9 petition, argues that petitioner is required to exhaust his state court remedies, and that he has not done so. (Dkt. No. 20 at 2.) Respondent further argues that petitioner has not presented any comprehensible grounds for relief. (*Id*.)

Petitioner asserts in his July 17, 2006, petition, that he is no longer being held for a crime, but that he is instead being held for contempt and that he had never been afforded a hearing or a trial. (Dkt. No. 25.) Petitioner contends that his current custody violates the Constitution, laws, or treaties of the United States. (Dkt. No. 25.) Respondent, in his response to petitioner's July 17 petition, argues that the Superior Court's contempt order was lawful. (Dkt. No. 30.) Respondent further argues that because petitioner had the right to appeal the contempt order, and failed to do so, he has failed to exhaust his state court remedies. (*Id*.)

Section 2241 does not expressly require a petitioner to exhaust state court remedies before pursuing a writ of habeas corpus in federal court.[3] However, principles of comity and federalism require that federal courts not entertain habeas challenges to ongoing state court proceedings unless the petitioner can show that he has exhausted available state avenues for raising his federal claims, and that "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

---

[3] This is in contrast to 28 U.S.C. § 2254 which does expressly require a federal habeas petitioner to exhaust state court remedies before pursuing a petition for writ of habeas corpus in federal court.

1    Petitioner makes no showing that he has exhausted his state court remedies with respect to his federal habeas claims. With respect to the claims asserted in petitioner's May 9 petition, the record reflects that petitioner did file personal restraint petitions in the state courts early in his criminal proceedings in which he may have raised some similar claims. However, petitioner's claims, as presented in his May 9 petition, are not sufficiently clear, nor is the record sufficiently complete, for this Court to determine whether petitioner presented precisely the same claims to the state courts as he presents here.

And, even assuming petitioner did present the same claims to the state courts as he presents here, the state courts expressly declined to consider the merits of those claims because they concluded that presentation of those claims by way of a personal restraint petition was premature. Because petitioner did not present his claims to the state courts in a procedural context in which the merits could be considered, his claims cannot be considered fairly presented for exhaustion purposes. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Once petitioner is sentenced, and a judgment is entered, he will have the opportunity to present any constitutional claims challenging the lawfulness of his criminal proceedings to the state courts on appeal. Petitioner identifies no special circumstances which would warrant this Court's consideration of any such claims prior to the conclusion of his ongoing state court criminal proceedings.

Petitioner also fails to demonstrate that his challenge to his contempt order is eligible for federal habeas review. As respondent correctly points out, the statutory provisions governing civil contempt proceedings in Washington State provide that contempt proceedings are subject to appellate review. *See* RCW 7.21.070. Nothing in the record suggests that petitioner has yet sought to appeal the contempt order pursuant to which he is currently confined. In addition, nothing in the record suggests that there are any special circumstances which would warrant this Court's intervention into the contempt proceedings.

REPORT AND RECOMMENDATION
PAGE - 6

As petitioner makes no showing that he has either exhausted state court remedies with respect to his federal habeas claims or that "special circumstances" warrant this Court's intervention in state court proceedings which are currently on going, this Court recommends that petitioner's federal habeas petitions be denied, and that this action be dismissed without prejudice. This Court further recommends that petitioner's motion for an evidentiary hearing be denied. A proposed order accompanies this Report and Recommendation.

DATED this 13th day of December, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge