UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME TALLEY,<br><br>                    Petitioner,<br><br>v.<br><br>REED HOLTGEERTS,<br><br>                    Respondent. | No. C05-2030<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Plaintiff's petitions for a writ of habeas corpus. (Dkt. Nos. 14, 25, 35). The first two petitions are the subject of Magistrate Judge Donahue's Report and Recommendation. (Dkt. No. 32). Magistrate Judge Donahue recommended that the petitions be dismissed without prejudice and recommended that Petitioner's request for an evidentiary hearing be denied. While Magistrate Judge Donahue's Report and Recommendation was pending before this Court, Mr. Talley filed an additional petition for a writ of habeas corpus. (Dkt. No. 35). Mr. Talley also filed objections to the Report and Recommendation. (Dkt. No. 34). Having considered the papers filed by Mr. Talley, and Magistrate Judge Donahue's Report and Recommendation, the Court adopts the Report and Recommendation. The Court also dismisses without prejudice Mr. Talley's third petition for a writ of habeas corpus.

As a pretrial detainee, Petitioner is pursuing habeas relief under 28 U.S.C. § 2241. Magistrate Judge Donahue recommended that Petitioner's habeas petitions be dismissed because (a) Petitioner failed to exhaust his state court remedies before pursuing federal habeas relief, and (b) Petitioner

ORDER - 1

made no showing that "special circumstances" warranted federal court intervention in an ongoing state proceeding. See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980) (holding that although § 2241 does not expressly require a petitioner to exhaust state court remedies before pursuing habeas relief, principles of comity and federalism require that federal courts not intervene in state court proceedings unless "special circumstances" warrant federal intervention). In his objections, Mr. Talley does not assert that he has exhausted his state court remedies or that his situation is a "special circumstance" warranting intervention. Instead, Petitioner argues, in one sentence, that his custody is in violation of federal law, and that the Report and Recommendation is contrary to federal law and misinterprets the interaction between the two habeas statutes, 28 U.S.C. § 2241 and 28 U.S.C. § 2254.

Petitioner has failed to make a showing, to Magistrate Judge Donahue, or to this Court through his objections, that habeas relief is proper at this time. Because Petitioner makes no showing that he has either exhausted state court remedies with respect to his federal constitutional claims or that "special circumstances" warrant this Court's intervention in ongoing state court proceedings, the Court ADOPTS the Report and Recommendation and DISMISSES the May 9, 2006 and July 17, 2006 habeas petitions without prejudice.

The Court also DISMISSES without prejudice the most recently filed habeas petition. In that petition, Mr. Talley raises the same issue as he did in his July 17, 2006, petition — that he is being unconstitutionally held for contempt. Even if these petitions were cognizably different, the January 17, 2007, petition would be dismissed for the same reasons as the earlier ones.

As Mr. Talley asserted in his July 17, 2006, habeas petition, he is no longer being held for a crime, but instead is being held in civil contempt. Indeed, on June 29, 2006, Superior Court Judge Michael C. Hayden held Mr. Talley in contempt indefinitely for refusing to provide his fingerprints. (Dkt. No. 30, Appx. A). The superior court docket reveals that, as of February 27, 2007, Mr. Talley

ORDER - 2

had not been sentenced on his underlying conviction and continues to be held in contempt by the superior court.

Mr. Talley is not left without any potential remedies for this confinement. Contempt proceedings are subject to appellate review. See RCW 7.21.070. The Court acknowledges that the time for appealing the state court's contempt order may have already passed. See Wash. R. App. P. 5.2. But Mr. Talley may also file a Personal Restraint Petition in the Washington Court of Appeals or the Washington Supreme Court. Wash. R. App. P. 16; see King v. Dep't of Social & Health Servs., 110 Wn.2d 793 (1988) (considering in context of personal restraint petition whether trial court abused its discretion when it imprisoned petitioner for civil contempt).

Because the Court dismisses all petitions in this action as not ripe for federal court review, an evidentiary hearing is unnecessary. The Court therefore agrees with Magistrate Judge Donahue that Petitioner's request for an evidentiary hearing should be DENIED.

In conclusion, because Petitioner's requests for habeas review are not ripe, the Court ADOPTS Magistrate Judge Donahue's Report and Recommendation, DENIES the habeas petitions, and DISMISSES the case without prejudice.

The clerk is directed to send copies of this Order to Petitioner, to Magistrate Judge Donahue and to Washington State Superior Court Judge Michael C. Hayden.

Dated: March 5th, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 3